Lin v. Lynch

BIA
Hom, IJ
A200 701 917

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of July, two thousand fifteen.

PRESENT:

  JOHN M. WALKER, JR.,
  REENA RAGGI,
  GERARD E. LYNCH,
   *Circuit Judges.*

_____

TUAN LIN,
  *Petitioner,*

  v.          13-2873
             NAC

Loretta E. Lynch, UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:  Lewis G. Hu, New York, NY.

FOR RESPONDENT:  Stuart F. Delery, Assistant Attorney General; Edward J. Duffy, Senior Litigation Counsel; Katherine A. Smith, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Tuan Lin, a native and citizen of China, seeks review of a July 2, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") October 28, 2011, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tuan Lin*, No. A200 701 917 (B.I.A. July 2, 2013), *aff'g* No. A200 701 917 (Immig. Ct. N.Y. City Oct. 28, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

The resolution of Lin's petition rests largely on our scope of review. Where the BIA modifies the IJ's decision, we review the IJ's decision as modified, i.e., minus the findings not addressed or affirmed by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The only issues reached by the BIA were the lack of corroboration supporting Lin's testimony and whether Lin was deprived of due process during his hearing. Lin references the corroboration finding once, stating the IJ's "blanket rejection of all Petitioner's written evidence[]" deprived

2

him of due process, but provides no further explanation or specific arguments regarding corroboration. Consequently, any challenges to the specific corroboration findings are forfeited. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (providing that issues not sufficiently addressed in the briefs are forfeited).

Accordingly, the only issue to be addressed is Lin's due process argument. Lin argues that his due process rights were violated when the IJ questioned him about his ability to leave China using his own passport. Due process requires that, "[a]t a minimum, [an alien] must be afforded the opportunity to be heard at a meaningful time and in a meaningful manner . . . by an impartial and disinterested tribunal," free from "the appearance of bias or hostility." *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (citations and internal quotations omitted). To establish a due process violation, an alien must show prejudice arising from the alleged violation. *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008). While the record shows that the IJ asked Lin questions about how he was able to leave China when an arrest warrant had allegedly been issued and ruled that Lin's testimony on this point was not credible, the BIA

did not affirm or adopt this ruling, nor did it factor into the denial of relief.  Indeed, the BIA explicitly stated that it agreed with the IJ's decision "even if [Lin] testified credibly."  Consequently, Lin's due process claim is meritless because he cannot show prejudice.  *Garcia-Villeda*, 531 F.3d at 149.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4